Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

Darrell MILESKI, et al.

v.

Paul W. DOREY, et al.

Supreme Judicial Court of Maine.

Argued May 1, 1989.
Decided May 25, 1989.

HORNBY, Justice.

Mr. and Mrs. Dorey signed promissory notes and mortgages in connection with their purchase of a business from Mr. and Mrs. Mileski for $248,000. When the Doreys defaulted on the promissory notes, the Mileskis brought a foreclosure action on the mortgaged real estate located in Rangeley Plantation. The District Court (Farmington, *O'Rourke, J.*) entered judgment for the Mileskis. We affirm.

The Doreys complain that the District Court refused to allow them to present evidence that they were not told that the asking price ($198,000) was lower than the price they ultimately agreed to pay. Assuming (without deciding) that the defense issues were properly before the foreclosure court, we find no error; the failure to disclose the asking or listing

price is neither fraud nor misrepresentation nor can it be the basis of a claim of mistake that would justify rescission. There is simply no requirement that a buyer be aware of what a seller's asking price may be. *Morrow v. Moore*, 98 Me. 373, 378, 57 A. 81, 83 (1903), *overruled on other grounds*, *Rulon–Miller v. Carhart*, 544 A.2d 340, 342 (Me.1988).

 The Doreys also complain that they were under the impression that the Mileskis would foreclose on another mortgage before they foreclosed on the property in Rangeley Plantation. The documents, however, clearly contain no requirement that the Mileskis proceed first against one property rather than the other. The Doreys were expressly given the opportunity to read these documents at the closing but declined to do so, and there has been no showing of any affirmative misrepresentation or misleading by the Mileskis.

Finally, the record does not support the Doreys' claim that they were precluded from showing evidence of collusion between their representative and the Mileskis or their agent.

The entry is:

Judgment affirmed.

All concurring.